UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH E. WEST                                                            CIVIL ACTION

VS.                                                                                    NO. 2:18-cv-1967

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Joseph E. West respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Joseph E. West**, of lawful age and a resident of Maringouin, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Chicago Bridge & Iron and an insured participant of group disability policies issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America ("LINA" or "Cigna")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, and its principal place of business is in the state of Philadelphia.

5. LINA issued group short and long-term disability policies insuring the employees of Chicago Bridge & Iron. Plaintiff is a beneficiary and insured under the policies.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff had worked for CB&I as a pipefitter before his medical condition caused him to take disability leave. His job consisted of "heavy" to "very heavy" job duties.

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis. Plaintiff suffers from severe back pain with radiculopathy that prevented him from performing his job as a pipefitter. Plaintiff suffers from herniated disk that impinges on his spinal cord. His diagnostic imaging demonstrate spinal stenosis, disk herniations, and facet arthropathy. He has been diagnosed with acute sciatica that clearly prevents him from performing his previous job duties

9. LINA initially approved his disability claim, which it paid for a period. After the time that his LTD benefits should have begun, LINA terminated continuing disability benefits.

10. Plaintiff is disabled under the terms of the disability policies issued by LINA.

11. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits. Plaitniff's doctors have supported that he is disabled under policy terms.

12. Plaintiff provided LINA with evidence demonstrating that he has suffered from debilitating back pain that precluded him from performing his heavy job duties since taking disability leave.

13. LINA unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policies.

14. Plaintiff appealed the denial, but LINA upheld its previous decision.

15. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

16. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

17. The disability policies in question are governed by the laws of Texas. As such, any language found in the disability plan attempting to grant LINA with discretionary authority is void and unenforceable.

18. LINA has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

19. LINA has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

20. LINA has abused its discretion by failing to consider his medical condition in relation to the actual duties of his occupation.

21. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

22. LINA has failed to give the policy and Plan a uniform construction and interpretation.

23. LINA chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

24. As a routine business practice, LINA uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

25. LINA's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

26. Plaintiff has been denied the benefits due to his under the Plan, has suffered, and is continuing to suffer economic loss as a result.

27. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

28. Defendant's denial has required Plaintiff to hire attorneys to represent his in this matter to recover benefits due to his under the Plan.

29. The disability policies in question are governed by the laws of Texas. As such, any language attempting to grant LINA with discretionary authority is void.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com